UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CR-20520

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JUAN RINCON PUELLO,

     Defendant.

_____/

## SENTENCING MEMORANDUM

The Defendant through undersigned counsel files this Sentencing Memorandum including objections to the Pre-Sentence Investigation Report (PSI) and motion for downward variance and states:

1. The Defendant objects to paragraph 35 of the PSI which states that the defendant is amenable to arrest for violation of the "Immigration and Nationality Act". The defendant, as disclosed in the PSI, was arrested in international waters 175 nautical miles south of the Dominican Republic. The defendant was brought to the United States by American law enforcement to face the charges in the instant case. As such, he did not enter the United States illegally.

2. The defendant objects to paragraph 61 in so far as it implies that the defendant is not accepting responsibility by filing a Motion to Vacate Guilt Plea. This motion to vacate is based purely on a jurisdictional legal issue that the undersigned attorney became aware of a few days after the defendant's guilty plea. The defendant still accepts full responsibility for his actions in this case and will persist in his guilty plea if the court does not grant his motion

1

to vacate or denies the defendant's jurisdictional motion on substantive grounds.

3. The defendant objects to paragraph13 and 22 which fail to grant the defendant a 2-level reduction for minor role for the offense under guideline §3B1.2(b) and a corresponding three-level decrease in his base offense level pursuant to guideline §2D1.1(a)(5)(iii). Application note 3(A) to §3B1.2.(b) (minor role) states as follows: A defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline. For the purpose of guideline § 3B1.2.(b) a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal.

In United States vs. DeVaron, 175 F 3d 930 (11 Cir 199) the 11th Circuit created the following test to determine minor role in a case: First, establish the defendant's role in the relevant conduct for which he is being held accountable at sentencing and second, determine his role as compared to that of the other participants in his relevant conduct. As to the first determination under the DeVaron case, my client was a crew member and according to the PSI is being held responsible for the entire amount of the drugs that were found on the boat. As to the second prong of the test, the court needs to look at the other indicted and unindicted co-conspirators who supplied the boat and had other roles to determine whether the defendant's participation was minor. The person who recruited the defendant, the owners of the drugs, the owner of the boat that was used, the owners of the communication

2

equipment, and the distributors of the drugs when they reached their destination all had greater roles than the defendant. The fact that most of these participants in the conspiracy are unindicted does not matter. The Indictment in Count 1 specifically names not only the two defendants on the boat but "other persons unknown to the Grand Jury" who were participants in the conspiracy. Since these unknown participants are obviously not crewmen on the boat they must be higher ups in the instant drug conspiracy such as discussed above. A minor participant is less culpable than most other participants, but whose role could not be described as minimal. Guideline §3B1.2. Application Note 3(C) to §3B1.2. provides in pertinent part a non-exhaustive list of factors the court should consider in conducting a fact-based determination of whether to apply a minor role reduction: "In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors: (i) the degree to which the defendant understood the scope and structure of the criminal activity; the defendant was never told anything other than instructions as to his role as crew member on the boat. (ii) the degree to which the defendant participated in planning or organizing the criminal activity; the defendant did not participate in any way in planning. (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; the defendant did not have any such authority or exercise any such authority. (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; the defendant had no discretion in his duties ; the defendant was told what to do. (v) the degree to which the defendant stood to benefit from the criminal activity. The defendant was to be paid $5,000.00 for his role with

3

no ownership or profit interest. It should be noted that the defendant was actually never paid any money for the drug transportation. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. The defendant has a fifth-grade education. He was recruited and told the bare minimum necessary to procure his participation as a boat hand and had no information regarding the scope or structure of the criminal activity. He did not participate in the planning or organization of this activity. He was not alleged to have participated in any decision-making authority or influence over any plans or anyone else. He was told what he was to do and he had no independent discretion in performing these acts. He was to be paid a total of $5,000.00 to perform duties which put his life at terrible risk in a barely navigable boat on the open seas. He had no proprietary interest in the drugs. However, it is obvious that to launch a distribution conspiracy involving 414 kilograms of valuable cocaine does require others more culpable than the defendant who sad to say is at the bottom of the pecking order in this conspiracy and whose very life was expendable.

4. The defendant objects to paragraph 59 which establishes a total offense level of 31 and a criminal history category of I and a guideline imprisonment range of 108 to 135 months. If the court grants the minor role reduction under section 2D1.1(a)(5)(iii) his base offense level would decrease to 33. In addition, he would receive a 2-level reduction for minor role, a 2 level decrease for safety valve and 3 point reduction for acceptance of responsibility. Accordingly, the total offense level should be 26, criminal history 1 and a guideline range of 63 to 78 months.

5. The defendant through undersigned counsel respectfully request that this honorable court

consider the objections and the discussion therein as grounds for a downward variance under

18 U.S.C. section 3553(a)

Respectfully submitted,
/s/ Arnaldo J. Suri
Arnaldo J. Suri
Florida Bar No. 445088
9745 SW 77th Street
Miami, Fl 33173
(305)785-8073
E-MAIL: arnaldosuri@bellsouth.net

5